JUDGE DAVID BRIONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JESUS IVAN SANCHEZ, | § § § § | |
| Plaintiff, | § | |
| vs. | § § | Cause No. _____ |
| ARROW FREIGHT MANAGEMENT, INC., ARROW FREIGHT MANAGEMENT, INC. OCCUPATIONAL INJURY BENEFIT PLAN, ARROW FREIGHT MANAGEMENT, INC. TEXAS OCCUPATIONAL PROTECTION PROGRAM, | § § § § § § § | EP14CV0012 |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW JESUS IVAN SANCHEZ ("Plaintiff"), and files this Complaint against Defendants, ARROW FREIGHT MANAGEMENT, INC., (Defendant "ARROW"), ARROW FREIGHT MANAGEMENT, INC. OCCUPATIONAL INJURY BENEFIT PLAN, and ARROW FREIGHT MANAGEMENT, INC. TEXAS OCCUPATIONAL PROTECTION PROGRAM (Defendant "PLAN"), (collectively, "Defendants") and for causes of action would respectfully show this honorable Court as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of El Paso County, Texas.

2. Defendant ARROW FREIGHT MANAGEMENT, INC. is a Texas corporation doing business in the State of Texas and may be served with process by serving its registered agent, FRED

1

URBAN, or any other authorized officer or agent therein at 1721 Addison, El Paso, Texas 79927 and/or where ever may be found. Defendant Plan may be sued as a separate legal entity for money judgments under ERISA. *See* ERISA § 502(d), 29 U.S.C. § 1132(d).

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court has personal jurisdiction over the parties, and venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2), because some of the parties reside within the Western District of Texas and a substantial part of the acts and omissions that give rise to the claims in the Complaint occurred within the Western District of Texas.

## II. GENERAL ALLEGATIONS

4.  This is an action for damages, including without limitation actual and liquidated damages, injury plan benefits, and other legal and equitable relief to secure the rights and redress the injuries of Plaintiff under the laws of the United States based on the wrongful actions of Defendants which constitute unlawful denial of benefits and breach of fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 et seq, unlawful interference, discrimination, and/or retaliation against Plaintiff in violation of ERISA § 510, 29 U.S.C. § 1140 et. seq., and Federal common law, as further described below.

5.  Plaintiff is a covered employee under ERISA.

6.  Plaintiff was injured on or about August 24th, 2011 while in the course and scope of his employment as an interstate truck driver with Defendant ARROW. Specifically, Plaintiff suffered a serious head injury when a fellow employee abruptly swerved to avoid construction on the road causing Plaintiff to strike his head in the truck's sleeper berth.

7.  At the time of Plaintiff's injury, Defendant ARROW did not have worker's

compensation insurance for its employees and was a non-subscriber under the Worker's Compensation Act of this State.

8. At the time of Plaintiff's injury and all events that give rise to this suit, Defendant ARROW had an insurance policy in effect, self-administered by Defendant ARROW, that constituted a plan covered by ERISA ("ERISA Plan" or "Plan"). Plaintiff is a participant in the ERISA Plan because he is an "employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer ..." ERISA § 3(7), 29 USC § 1002(7). Upon information and belief, all Plan benefits are paid solely out of the general assets of such Employer [Defendant ARROW].

9. Plaintiff is a beneficiary of the ERISA Plan because he is a "person . . . by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." ERISA § 3(8), 29 USC § 1002(8).

10. Defendants are fiduciaries under ERISA because they are a person or entity that (i) is a named fiduciary in the plan document, (ii) functionally exercises discretion or control over the management of the plan or the management or disposition of plan assets; or (iii) has discretionary authority or responsibility over the administration of the plan. ERISA § 3(21), 29 USC § 1002(21).

11. Plaintiff was entitled to receive benefits of weekly compensation and medical benefits from Defendants during his incapacity under the ERISA Plan.

12. Defendants were contractually and legally obligated to provide benefits to Plaintiff under the ERISA Plan, but Defendants failed and refused to pay benefits for which Defendants were liable under the ERISA Plan.

13. Defendants failed and refused to pay Plaintiff's benefits to which he was entitled to

receive under the ERISA Plan, and had no reasonable basis to justify its non-payment of benefits, and was arbitrary and capricious in its refusal to pay benefits.

14. Defendants refused to pay such benefits to Plaintiff, even though liability under the ERISA Plan was reasonably clear. Defendants denied Plaintiff's benefits under the Plan claiming Plaintiff's "subdural hematoma" was not "work related." This despite a CT brain scan, performed on Plaintiff on or about August 29th, 2011 (just four (4) days after the injury), which revealed a left posterior frontal skull fracture and subdural hematoma consistent with the on the job injury reported by Plaintiff.

15. Rather than pay such benefits to Plaintiff as Defendants were contractually and legally obligated to do, from the inception of his work-related injury in August of 2011, Defendants discriminated and retaliated against Plaintiff for seeking to recover benefits under the Plan, and Defendant ARROW wrongfully terminated Plaintiff's employment on or about May 10th, 2012, in retaliation for seeking to recover benefits under the Plan, for seeking to exercise rights to which he is entitled under the Plan, and/or to avoid paying benefits to which he was entitled to receive under the ERISA Plan.

16. From the day of his injury, Defendant ARROW took steps to try to prevent Plaintiff from recovering benefits under the Plan, including but not limited to refusing to provide any medical or wage benefits under the Plan.

17. When Defendants refused to provide those benefits, Plaintiff hired the undersigned firm to formally appeal his adverse benefit determination and denial of benefits. On or about April 3rd, 2012, the undersigned counsel on behalf of Plaintiff sent the Defendants a formal appeal contesting the adverse benefit determination and demanded that Defendants provide the benefits

Plaintiff was legally entitled to.

18. Shortly after Plaintiff returned to work and immediately after Plaintiff filed his appeal of the adverse benefit determination, Defendant ARROW began to treat Plaintiff different than other employees, including placing demands on Plaintiff that it did not require of other employees, and by finding pre-textual ways to reprimand Plaintiff. Defendant ARROW became hostile toward Plaintiff, including but not limited to his request to drive for Defendant in a "team" driver position. Defendant ARROW also made disparaging and hurtful comments directed toward Plaintiff because of his medical condition and on the job injury.

19. As a result, on or about May 10th, 2012, or a little over a month after Plaintiff filed his appeal of Defendant's adverse benefit determination, Defendant ARROW wrongfully terminated the Plaintiff's employment in retaliation for seeking to recover benefits under the Plan.

20. Defendant ARROW's claimed reason for terminating Plaintiff was pretextual. Defendant ARROW repeatedly discriminated and retaliated against Plaintiff for seeking to recover benefits under the Plan, and ultimately terminated Plaintiff from his employment in May of 2012 in retaliation for his seeking to recover benefits under the Plan, for seeking to exercise rights to which he is entitled under the Plan, including his appeal, and/or to avoid paying benefits to which he was entitled to receive under the ERISA Plan, for which Plaintiff now seeks damages and other appropriate relief as allowed by law.

21. As a result of Defendants' denial of benefits and discrimination and retaliation against Plaintiff for seeking to recover benefits and/or seeking to exercise his rights under the Plan, Plaintiff suffered damages, including without limitation loss of employment, past and future loss of wages and other employment-related benefits, past and future loss of benefits to which he is entitled

under the Plan, medical bills, medical treatment, and other medical expenses incurred, damage to his credit reputation, mental anguish, enhanced pain and suffering, consequential and incidental damages and attorney's fees, to the full extent such damages are allowed by law.

### III. CLAIMS UNDER ERISA AND FEDERAL COMMON LAW

22. Plaintiff realleges the foregoing paragraphs.

23. This claim is brought in the district where the Plan is administered, where the breach and discriminatory and retaliatory conduct took place, and/or where Defendants reside or may be found. ERISA § 502(e)(2), 29 USC § 1132(e)(2).

24. To the extent necessary, Plaintiff has exhausted his administrative remedies under the Plan, or such exhaustion of remedies is not required and/or would have been futile, and Plaintiff has complied with all conditions precedent necessary to bring the claims set forth herein.

25. The acts and conduct of Defendants as described above and below violated Plaintiff's federally-protected rights under ERISA and federal common law. Defendants are liable for the acts of their supervisors, agents, and employees. Defendants are jointly and severally liable under principles of *respondeat superior*, agency, actual and/or apparent authority, contractual agency, civil conspiracy, joint enterprise, and alter ego/piercing the corporate veil.

**A.    Count I: Claims for discrimination/retaliation under ERISA § 510, 29 USC §1140.**

26. Plaintiff realleges the foregoing paragraphs.

27. Pursuant to ERISA § 510, 29 USC § 1140, Defendant ARROW caused Plaintiff to be discharged, fined, suspended, expelled, disciplined and/or discriminated against for exercising rights to which he is entitled under the ERISA Plan, in violation of ERISA § 510, 29 USC § 1140, for which Plaintiff seeks damages and other appropriate relief as allowed by law.

28.     As a result of Defendant ARROW's discrimination and retaliation against Plaintiff for seeking to recover benefits and/or exercising rights to which he is entitled under the ERISA Plan, Plaintiff suffered damages, including without limitation loss of employment, past and future loss of wages and other employment-related benefits, past and future loss of benefits to which he is entitled under the Plan, medical bills, medical treatment, and other medical expenses incurred, damage to his credit reputation, mental anguish, enhanced pain and suffering, consequential and incidental damages and attorney's fees, to the full extent such damages are allowed by law.

**B.      Count II: Claims for denial of benefits under ERISA § 502(a)(1)(B).**

29.     Plaintiff realleges the foregoing paragraphs.

30.     Pleading alternatively, and without waiving the foregoing, pursuant to ERISA § 502(a)(1)(B), 29 USC § 1132(a)(1)(B), Plaintiff seeks to recover benefits due to him under the terms of the Plan, to enforce his rights under the terms of the Plan, and to clarify his rights to future benefits under the terms of the Plan. Plaintiff was wrongfully and improperly denied benefits under the plan by Defendants, including benefits for past and future medical care, benefits for past and future loss of wages and income, and other benefits provided for in the Plan.

31.     Plaintiff timely made a claim for benefits under the ERISA Plan and did all things requested of him by the ERISA Plan. Defendants wrongfully denied benefits due to Plaintiff under the terms of the plan in one or more of the following ways:

- a.     Wrongfully terminating medical, compensation and other benefits when the physicians and other health care providers found Plaintiff's injuries were injuries covered under the Plan.

- b.     Wrongfully terminating medical, compensation and other benefits without reasonable reliance on any medical opinion.

    c.    Failing to pay 100% of Plaintiff's compensation from the date of the covered injury, as required under the Plan.

    d.    Denying Plaintiff's claim for benefits under the Plan without reasonable justification for doing so, and which was arbitrary and capricious.

    e.    Refusing to rely on medical opinions of treating physicians and other health care providers who advised the Plaintiff's injuries were covered under the Plan.

    f.    Refusing to pay for the treatment rendered to the Plaintiff which was authorized under the Plan.

    g.    Failing to timely provide Plaintiff with a written explanation of why he was denied payment of benefits under the Plan.

    h.    Failing to timely provide Plaintiff with a copy of the plan when requested, and statements, schedules and benefits as required by 29 USC § 1022 and other provisions under ERISA.

    I.    Failing to give Plaintiff an opportunity for full and fair review of denial of the claim, as required by 29 USC § 1133.

    j.    Discriminating against Plaintiff as a result of Plaintiff exercising his rights under the ERISA Plan, and causing Plaintiff to be wrongfully discharged and terminated in order to avoid paying benefits lawfully due and owed to Plaintiff under the Plan, in violation of 29 USC § 1140-41.

32.    As a result of Defendants' wrongful denial of benefits contractually and lawfully owed to Plaintiff under the ERISA Plan, Plaintiff suffered damages, including without limitation all past and future loss of benefits to which he is entitled under the Plan, damage to his credit reputation, consequential and incidental damages and attorney's fees, to the full extent such damages are allowed by law.

C.    **Count III: Claims for breach of fiduciary duty under ERISA 502(a)(3) and 409(a).**

33.    Plaintiff realleges the foregoing paragraphs.

34.    Pleading alternatively, and without waiving the foregoing, pursuant to ERISA

§502(a)(3), 29 USC § 1132(a)(3), and ERISA 409(a), 29 USC 1109(a), Defendants breached their fiduciary responsibilities, obligations, and duties in its denial and refusal to provide Plaintiff benefits under the plan without a reasonable basis for such refusal, in violation of 29 USC § 1104(a), for which Plaintiff seeks all relief as allowed by law.

D.     **Count IV: STATUTORY VIOLATIONS UNDER ERISA 502(A)(1)(A), 102(A) AND 104(B)**

35.    Plaintiff realleges the foregoing paragraphs.

36.    Pleading alternatively, and without waiving the foregoing, pursuant to ERISA § 502(a)(1)(A), 29 USCA § 1132(a), Defendants failed and refused to comply with Plaintiff's requests for information relative to the ERISA Plan, which Defendants were required to furnish to Plaintiff under applicable law; and Defendants continued to fail and refuse to provide such information as requested, in violation of 29 USC § 1132( c), for which Plaintiff seeks statutory penalties and all other damages as allowed by law. In particular, Plaintiff's counsel requested all documentation of Arrow Freight Management, Inc.'s Occupational Injury Benefit Plan under which you have denied Mr. Sanchez's coverage..." by way of his appeal letter dated April 3rd, 2012. Defendants failed to comply with this request.

37.    Pleading alternatively, and without waiving the foregoing, pursuant to ERISA §§ 102(a) and 104(b), 29 U.S.C. §§ 1022(a), 1024(b), Defendants were required to provide beneficiaries with summary plan descriptions and with summaries of material modifications, "written in a manner calculated to be understood by the average plan participant" and that are "sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." Defendants failed to provide such information as required by 29 U.S.C. §§ 1022(a), 1024(b), for which Plaintiff seeks all statutory and equitable relief as allowed by law.

E.     COUNT V: FEDERAL COMMON LAW ESTOPPEL (ERISA ESTOPPEL).

38.     Plaintiff realleges the foregoing paragraphs.

39.     Pleading alternatively, and without waiving the foregoing, pursuant to equitable principles recognized under federal common law known as "ERISA-estoppel," Defendants are estopped from denying Plaintiff's claim for benefits under the Plan, in order to prevent Defendants from benefitting from their own misleading conduct. Defendants engaged in materially misleading conduct and made material misrepresentations to Plaintiff that Plaintiff justifiably relied upon to his detriment. As a result of their inequitable conduct, Defendants are estopped from denying Plaintiff's past and future benefits owed under the Plan under equitable principles such as estoppel recognized in federal common law. *See Mello v. Sara Lee Corp.*, 431 F.3d 440 (5th Cir. 2005) (doctrine of equitable estoppel applies to ERISA claims).

40.     Extraordinary circumstances exist to support Plaintiff's claim for ERISA-estoppel.

41.     Extraordinary circumstances also exist to support Plaintiff's ERISA-estoppel claim because Defendants acted intentionally, knowingly, recklessly, and with malice in bad faith in interfering with Plaintiff's right to benefits under the Plan in one or more of the following ways:

    a.     Wrongfully denying and terminating Plaintiff's claim for benefits under the Plan without a reasonable basis for such denial and termination of benefits;

    b.     Misrepresenting to Plaintiff, through words and conduct, that he would be entitled to benefits under the Plan if he suffered an on the job injury;

    c.     Misrepresenting to Plaintiff through the Summary Plan Description and other written documents that he would be entitled to benefits under the Plan if he if he suffered an on the job injury;

    c.     Wrongfully denying medical and wage payments under the Plan to which Plaintiff was entitled.

    d.      Misconstruing ambiguous provisions of the Plan in pretextual ways in order to deny liability for benefits lawfully owed to Plaintiff under the Plan.

    e.      Refusing to pay a claim without conducting a reasonable investigation based upon all available information, and creating pretextual grounds to deny liability for benefits lawfully owed to Plaintiff under the Plan.

    f.      Compelling particularly vulnerable claimants who are injured such as Plaintiff covered by the Plan to institute suits to recover amounts due under the policy by offering nothing or substantially less than the amounts ultimately recovered.

    g.      Failing to adopt and implement reasonable standards for prompt investigations of claims arising under its policies.

    h.      Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability is reasonably clear.

    i.      Engaging in unconscionable action under the Texas Deceptive Trade Practices Act section 17.50 (a)(3), and other violations of the Texas Insurance Code or other state law that may serve as grounds for equitable relief under ERISA 502(a)(3).

    j.      Other acts or omissions that may serve to establish grounds for equitable relief that may be developed in discovery of the case.

42. Through the above-described words and conduct, and/or through the Summary Plan Description and other written documents, prior to and after his injury, Plaintiff was led to believe by Defendants, through their supervisors, agents and employees, that he would be entitled to benefits under the Plan if he suffered an on the job injury and relied on same to his detriment. Defendants misrepresented to Plaintiff that he would be entitled to benefits under the Plan if he suffered an on the job injury. Plaintiff was wrongfully denied payments under the Plan to which he was entitled.

43. Instead of looking at the medical records and ordinary meaning of policy terms and other descriptions in the Plan and Summary Plan Description, Defendants looked at false and pretextual ways to deny the claim, in breach of their obligation to provide Plan benefits and in breach of their fiduciary obligations, which gives rise to a claim for ERISA-estoppel under federal common

law.

44. As a result of Defendants' wrongful breach of their responsibilities, obligations, and duties in their denial and refusal to provide Plaintiff benefits under the Plan, Plaintiff has suffered actual harm, including but not limited to (1) loss of past and future benefits under the Plan that Plaintiff reasonably and justifiably believed he would receive, (2) loss of rights protected by ERISA or its trust-law antecedents, and (3) Plaintiff's detrimental reliance on Defendants' wrongful conduct in bad faith and breach of their obligations under ERISA. Plaintiff suffered damages, including without limitation all past and future loss of benefits to which he is entitled under the Plan, lost wages, damage to his credit reputation, consequential and incidental damages and attorney's fees, to the full extent such damages are allowed by law.

45. Pursuant to ERISA-estoppel, Plaintiff seeks to enjoin the above-described acts or practices which violate ERISA provisions or the terms of the Plan, and to obtain all other appropriate equitable relief to redress such violations, or to enforce the ERISA provisions or terms of the Plan. Such equitable relief includes, without limitation, (1) the equitable remedy of estoppel, so that Defendants are estopped from denying Plaintiff's benefits provided under the Plan, and (2) equitable relief in the form of monetary compensation for loss resulting from Defendants' wrongful conduct and/or unjust enrichment (equitable "surcharge").

## IV. RELIEF REQUESTED UNDER ERISA

46. Plaintiff realleges the foregoing paragraphs.

47. As a result of Defendants' wrongful conduct, Plaintiff suffered the following damages:

    a. nonpayment of benefits allowed under the Plan.
    b. loss of employment, past and future wages and other employment-related benefits
    c. health care and medical provider bills and expenses.
    d. delay and/or denial of reasonable and necessary medical care.

  e. damage to Plaintiff's credit and reputation.
  f. mental anguish in the past and into the future.
  g. consequential damages and incidental damages.
  h. attorneys' fees as provided by 29 USCA § 1132 and by law.
  I. statutory penalties for failure to comply with ERISA's statutory requirements.
  j. punitive damages, to the extent such damages are allowed by law.
  k. all other damages as allowed by law.

  48. Plaintiff seeks to recover past and existing benefits due under the terms of the ERISA plan. Plaintiff requests the Court clarify his right to future benefits under the terms of the ERISA plan. Plaintiff seeks money damages for Defendants' discriminatory and retaliatory conduct, breach of its obligation to pay Plan benefits, breach of fiduciary duty, and other wrongful actions, and for all equitable relief provided under ERISA, Federal Common Law, and otherwise by law, including without limitation the equitable remedy of reinstatement of employment and reinstatement of benefits due and owed under the Plan, and asks the Court order Defendants to provide benefits owed to the Plaintiff under the terms of the Plan, and for all other equitable relief to make Plaintiff whole as allowed by law.

  49. Plaintiff pleads for extracontractual damages, including but not limited to consequential damages, incidental damages, damages for Plaintiff's loss of credit and reputation, and damages for mental anguish in the past and into the future, to the extent such damages are allowed by law, and/or to preserve the issue for potential appellate review. *But see Mass Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S. Ct. 3085, 87 L.Ed. 2d 96 (1985); *Mertens v. Hewitt Associates,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed. 161 (1993).

  50. Defendants acted intentionally, knowingly, recklessly, and with malice in interfering with Plaintiff's right to benefits under the Plan, and in discriminating and retaliating against Plaintiff for seeking to recover benefits and/or exercise his rights under the Plan. Plaintiff seeks punitive damages against Defendants for their willful, intentional, and malicious conduct, to the extent such

damages are allowed by law, and/or to preserve the issue for potential appellate review. *But see Mertens,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed. 161 (1993).

51. Plaintiff seeks prejudgment interest on all monies retained by the Plan that rightfully belonged to the Plaintiff, as to allow the Defendants to profit from their wrongful acts would amount to unjust enrichment. Plaintiff seeks all other prejudgment and postjudgment interest at the maximum rate as allowed by law.

52. Plaintiff requests the Court award reasonable attorneys' fees and costs, as provided for under ERISA and as allowed by law.

53. Plaintiff respectfully requests a trial by jury of the issues in this case, to the extent a jury trial is permitted, and/or to preserve the issue for potential appellate review.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein and that upon final trial hereof, Plaintiff have judgment against Defendants for all relief requested, including without limitation, reinstatement of employment, all actual damages and other equitable relief to be made whole as allowed by law, incidental and consequential damages, punitive damages to the extent such damages are allowed by law, attorney's fees, together with prejudgment and post-judgment interest at the maximum rate permitted by law, and for such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile

/s/ Joseph Isaac
**JOSEPH G. ISAAC**
State Bar No.: 24059999
**JAMES D. TAWNEY**
State Bar No. 24060970
**JEFFREY B. POWNELL**
State Bar No. 16222900